UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

vs.

AMERICAN TACTICAL IMPORTS -
ATI OMNI HYBRID Pistol CAL: Multi
SN: NS396322,

        Defendant *in rem*.

Case No. 25-cv-11586
Honorable:
Mag. Judge:

---

**Complaint for Forfeiture**

---

Plaintiff, the United States of America, by and through Jerome F. Gorgon Jr., United States Attorney for the Eastern District of Michigan, and Kelly Fasbinder, Assistant United States Attorney, states the following in support of this Complaint for Forfeiture:

**<u>Jurisdiction and Venue</u>**

1. This is an *in rem* civil forfeiture action pursuant to 21 U.S.C. § 881(a)(11), resulting from a violation or violations of 21 U.S.C. §§ 841(a)(1) and/or 846.

2.  This Court has original jurisdiction over this forfeiture action under 28 U.S.C. § 1345 because this action is being commenced by the United States of America as Plaintiff.

3.  This Court has jurisdiction over this forfeiture action under 28 U.S.C. § 1355(b)(1)(A) and (B) because the acts giving rise to the forfeiture occurred in the Eastern District of Michigan and because the property was found in this district.

4.  Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Michigan.

5.  Venue is also proper before this Court under 28 U.S.C. § 1395(b) because the Defendant *in rem* was found and seized in the Eastern District of Michigan.

### Defendant *in rem*

6.  The Defendant *in rem* consists of the following: AMERICAN TACTICAL IMPORTS - ATI OMNI HYBRID Pistol CAL: Multi SN: NS396322 (25-ATF-005337).

7.  Members of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") seized the Defendant *in rem* on or about January 8, 2025.

8.  The Defendant *in rem* is currently in the custody of ATF.

## Statutory Basis for Civil Forfeiture

9.  Title 21 United States Code, Section 841(a)(1) prohibits the knowing or intentional manufacture, distribution, or dispensation, or possession with intent to manufacture, distribute, or dispense, a controlled substance.

10.  Title 21 of United States Code, Section 846 criminalizes any attempt or conspiracy to commit a violation of the Controlled Substances Act.

11.  Civil forfeiture is authorized by 21 U.S.C. § 881(a), which provides, in pertinent part, that, "[t]he following shall be subject to forfeiture to the United States and no property right shall exist in them:" any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and any proceeds traceable to such property.  21 U.S.C. § 881(a)(11).

## Factual Basis in Support of Forfeiture

12.  The Defendant *in rem* was used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and/or proceeds traceable to such property and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(11).  Evidence supporting forfeiture includes, but is not limited to, the following:

   a.  On January 8, 2025, agents executed a federal residential search warrant at XXXXX Gallagher, Detroit, Michigan.

  b. During the search, agents discovered 1.1 gross grams of a white powdered substance (suspected cocaine) in a bag in the southwest bedroom of the residence and approximately 124 gross grams white rock cocaine in the upstairs bedroom of the residence.  Cocaine is a Schedule II substance.

  c. Ammunition, magazines, and three firearms were also recovered during the search, including the Defendant *in rem*, which was found in the southwest bedroom.

  d. There were five adults, and several minor children present during the search of the residence.  All five adults were found inside the southwest bedroom of the home when agents entered the residence.

  e. Agents conducted post-Miranda interviews with the adults, several of whom indicated the Defendant *in rem* was kept in the southwest bedroom in which it was found.  One of the adults described the Defendant *in rem* as a "house gun" that stays at the residence.

## Claim for Relief

13. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 12, including their subparts.

14.     The Defendant *in rem* is forfeitable to the United States of America under 21 U.S.C. § 881(a)(11) because it was used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances or proceeds traceable to such property.

## Conclusion and Relief

Plaintiff respectfully requests that this Court issue a warrant for arrest of the Defendant *in rem*; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant *in rem* condemned and forfeited to the United States for disposition according to law; and, that the United States be granted such further relief as this Court may deem just and proper, together with costs and disbursements of this action.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

S/Kelly Fasbinder
Kelly Fasbinder (P80109)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9520
Kelly.Fasbinder@usdoj.gov

Dated: May 30, 2025

## VERIFICATION

I, Kara Klupacs, state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement agents.

SA Kara Klupacs, ATF

Dated: May 23rd, 2025